## Case No. 17,857.
### WILTON v. RAILROADS.
[1 Wall. Jr. 192.] [1]

Circuit Court, E. D. Pennsylvania. Oct. 21, 1847.

EVIDENCE UNDER PATENT ACT—PRACTICE.

The 15th section of the act of congress of July 4, 1836 [5 Stat. 123], commonly called the "Patent Act," does not require notice of the names and places of residence of the witnesses, by whom it is intended to prove a prior knowledge and use of the thing patented.

[Cited in Woodbury Patent Planing Mach. Co. v. Keith, Case No. 17,970; Agawam Woolen Co. v. Jordan, 7 Wall. (74 U. S.) 596.]

In this suit, which was one for an infringement of a patent right, the defendants pleaded the general issue; and, relying in their defence upon a previous use and knowledge of the thing patented, gave notice to the plaintiffs under the act of congress, [2] that they would offer proof upon the trial that it had been publickly used at certain places which they named, and that a prior knowledge of it was possessed by certain persons, whom, together with their places of residence, they also named. But the notice did not specify the names nor residences of the witnesses by whom it was intended to prove what was thus notified. The act of congress of July 4, 1836 (section 15), which allows this defence and notice, says: "Whenever the defendant relies in his defence on the fact of a previous invention, knowledge, or use of · the thing patented, he shall state in his notice of special matter the names and places

---

[1] [Reported by John William Wallace, Esq.]

[2] Of July 4, 1836, § 15 (5 Stat. 123), that the defendant shall be permitted to plead the general issue, and to give any special matter in evidence of which notice in writing may have been given thirty days before the trial, tending to prove that the thing patented had been in publick use, &c.

of residence of those whom he intends to prove to have possessed a prior knowledge of the thing, and where the same had been used."

Mr. Mallery, now calling upon a witness to prove where and by whom the thing had been used, Mr. Hazlehurst objected to the testimony, because the name and residence of the witness had not been given. He cited 2 Greenl. Ev. § 501, where it is said: "The facility with which this defence" (of prior use) "may be made, affords a strong temptation to the crime of subornation of perjury; to prevent which the defendant is required to state, in his notice, the names and residence of the witnesses by whom the alleged previous invention is to be proved." He cited, also, Philadelphia & T. R. Co. v. Stimpson, 14 Pet. [39 U. S.] 448, 459, in the supreme court of the United States. The court below had rejected the testimony of one White, for want, says, the reporter, "of the notice required by the act of congress, of the use of the machine at Mauch Chunk, at which place it was said his testimony would shew it had been used." This report, Mr. Hazlehurst thought, did not shew precisely what notice was or was not given, but Judge Story, in giving the opinion of the court, clearly did. "There is no proof on the record," says that judge, "that notice had been given according to the requirements of the statute, that White was to be a witness," &c. "Unless such notice was given, it is plain that the examination could not rightfully be had." What notice does the court here mean, as being within "the requirements of the statute?" Clearly "that White was to be a witness." Dr. Greenleaf, without quoting this case, yet seems to have the same notion of the requirements of the act. Indeed, if a witness knows, i. e. legally knows, of another man's discovery, he himself knows of the discovery, and the notice ought to be given.

Mr. Meredith, contra. There has been a misconception of the act by Judge Story and by Dr. Greenleaf, who follows him. The case cited of Philadelphia & T. R. Co. v. Stimpson, 14 Pet. [39 U. S.] 448, 459, shews that the ground of the rejection of White's testimony was because notice was not given of a use of the machine at Mauch Chunk. White was, himself, the person who had used it there, and his name ought to have been given, not as witness, but as that of a person who "possessed a prior knowledge of the thing." The point adjudged was as to the "place." The language of the court, or rather the judge who delivered the opinion of the court, is loose, and goes for what it is worth.

GRIER, Circuit Justice. The language of the act, I think, requires nothing more than the names and residences of the persons who possessed the prior knowledge of the thing patented, and the name of the place at which it had been used. It would be unreasonable to extend it, unless it clearly required us to do so, to the names and residences of all the witnesses whom the defendant meant to summon. The other requisition is reasonable enough, and was intended to guard against surprise from such evidence as was given in Whitney's Case (Whitney v. Fort [Case No. 17,588]). Though Mr. Whitney's cotton gin was an invention of perfect originality, two persons were yet brought forward, one of whom testified that he had seen a similar machine in England seventeen years before, and the other that he had seen one in Ireland.

It would have been quite enough, in order to disprove it, that the other side had had notice of the place at which, and name of the party by whom, the alleged prior machine was used.